IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| | § | **CASE NO. 6:18-CR-30-JDK** |
| **vs.** | § § | |
| | § | |
| **VICTOR WALLYN CAMPBELL (2)** | § § | |

# REPORT AND RECOMMENDATION
# ON REVOCATION OF SUPERVISED RELEASE

On September 21, 2021, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Allen Hurst. Defendant was represented by Matt Millslagle.

*Background*

After pleading guilty to the offense of Possession with Intent to Distribute and Distribution of Less Than 5 Grams Methamphetamine (Actual) and Aiding and Abetting, a Class C felony, Defendant Victor Wallyn Campbell was sentenced on May 16, 2019 by United States District Judge Thad Heartfield. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of II, was 51 to 63 months. Defendant was sentenced to 41 months of imprisonment to be followed by a 3-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, mental health treatment, and a high school equivalency certificate.

Defendant completed his term of imprisonment and started his term of supervised release on April 30, 2021. The case was re-assigned to United States District Judge Jeremy D. Kernodle on July 14, 2021. Defendant's supervised release conditions were modified on August 2, 2021 to include 180 days in a residential reentry center.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on August 27, 2021, United States Probation Officer Andrea Van Ness alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant submitted urine specimens that tested positive for methamphetamine on June 17, June 21, July 29, and August 11, 2021.

2. **Allegation 2 (mandatory condition 7): The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses him from doing so. If he does not have full-time employment he must try to find full-time employment, unless the probation officer excuses him from doing so. If the defendant plans to change where he works or anything about his work (such as his position or job responsibilities), he must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.** It is alleged that Defendant has failed to work full-time at a lawful type of employment since April 30, 2021.

3. **Allegation 3 (standard condition 13): The defendant must follow the instructions of the probation officer related to the conditions of supervision.** It is alleged that Defendant has failed to get a required COVID-19 test for his intake to the local residential reentry center since August 16, 2021.

4. **Allegation 4 (special condition): The defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise his participation in the program. The defendant must pay any cost

**associated with treatment and testing.** It is alleged that Defendant failed to participate in mental health treatment as instructed on June 20, 2021 and July 15, 2021.

5. **Allegation 5 (special condition): The defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise his participation in the program. The defendant must pay any cost associated with treatment and testing.** It is alleged that Defendant failed to attend substance abuse treatment as instructed on July 20, August 11, and August 18, 2021. It is also alleged that Defendant failed to report to the drug testing vendor as instructed for scheduled drug tests on June 22, July 22, July 28, August 2, August 5, August 10, August 23 and August 26, 2021.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was II. The guidelines

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

3

provide that Defendant's guideline range for a Grade B violation is 6 to 12 months of imprisonment. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by using methamphetamine, failing to work full-time, failing to follow the probation officer's instructions, failing to participate in mental health treatment, failing to participate in substance abuse treatment, or failing to report for scheduled drug tests as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of II, the guidelines provide that Defendant's guideline range for a Grade C violation is 4 to 10 months of imprisonment.

### *Hearing*

On September 21, 2021, Defendant appeared for a final revocation hearing. Assistant United States Attorney Allen Hurst announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of 12 months and 1 day of imprisonment with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation for designation at FMC Ft. Worth.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 12 months and 1 day of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the final

judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 12 months and 1 day of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 12 months and 1 day of imprisonment with no further supervised release.

So ORDERED and SIGNED this 21st day of September, 2021.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE